C. L. BENEDICT, Respondent, v. J. B. HOGGIN, Administrator of the Estate of WM. TAYLOR, deceased, Appellant.

It is error in the Court to refuse to instruct the jury in accordance with the provisions of the 135th section of the act to regulate the settlements of the estates of deceased persons, when requested so to do, and the evidence shows that it is proper and relevant.

THIS was an action brought against the defendant, administrator of the estate of William Taylor, deceased, to recover $6,500 claimed by plaintiff for cattle sold to Taylor during his lifetime, in 1849. The complaint sets forth the death of Taylor in 1850, and the appointment of the defendant as his administrator in 1851, and his refusal to pay, &c.

The defendant answered and denied the allegations of the complaint, and further avers, "that neither the defendant as administrator of Wm. Taylor, nor the said William Taylor in his lifetime, ever undertook to pay said demand at any time within two years next before the filing of the said complaint." And further, "that the said claim was not duly presented for allowance to this defendant within ten months next after his appoinment as administrator as aforesaid." And further, "that suit on said claim was not commenced within three months, after the same was requested by this defendant as administrator of Wm. Taylor, deceased.

It was in evidence that "on or about the 11th June, 1851, Benedict, the plaintiff, presented his account against the estate of Taylor to Jas. B. Hoggin, the administrator, for payment and acknowledgment; the claim amounted to about $6,500; which said account the said Hoggin refused to pay or acknowledge. The suit was brought November 15th, 1851. Defendant's counsel in the course of the trial asked the Court to instruct the jury,

that if said suit was not commenced within three months after plaintiff's claim had been rejected by the administrator of Taylor, they must find for the defendant—which charge the Court declined to give. Defendant's counsel then handed the statutes of California to the judge, and requested the Court to charge the jury on the 134th section of the act to regulate the settlement of the estates of deceased persons, which the Court declined to do, and the jury then retired."

Defendant excepted.

Verdict for plaintiff for $700.

Judgment accordingly; from which plaintiff appealed.

*Williams* and *Smith*, for respondents.

*Torrey* and *Parley* and *Smith*, for appellants.

No briefs are found with the record.

The opinion of the Court was delivered by

HEYDENFELDT, Justice.—The 135th section of the "act to regulate the settlement of the estates of deceased persons," provides, that "when a claim is rejected either by an executor, or administrator, or the probate judge, the holder shall bring suit in the proper Court against the executor or administrator within three months after the date of its rejection, if it be then due, or within three months after it becomes due, otherwise the claim shall be forever barred."

The District Court was asked to charge that such was the law, and the evidence contained in the statement shows that the charge requested was proper and relevant. I can see no reason for its refusal; such is the expressly written law of the land, and obedience to it must be exacted.

Let the judgment be reversed, with costs.

MURRAY, Chief Justice.—I concur.