## DANGLADA v. DE LA GUERRA, (ADMINISTRATOR OF C. LATTAILADE, DECEASED.)

Where D. had a running account with L. from 1838 to 1849, at which time L. died intestate, and no administration was had on his estate until 1857; and D., within one year after the granting of letters of administration, commenced his suit on said account against the estate:  *Held*, that the suit was commenced in time.

The fact that a long period intervened between the death and the administration taken on the estate, can make no difference.

APPEAL from the District Court of the Second Judicial District, County of Santa Barbara.

The facts appear in the opinion of the Court.

*Isaac Hartman* for Appellant.

*Thompson, Irving, and Pate*, for Respondent.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

The cause was submitted to the Judge of the Second District, on an agreed statement of facts. The action was for a balance of a running account between plaintiff and the intestate. It seems that the account commenced in 1838, and ran to the time of the death of intestate, in 1849. No administration on the estate was taken until 1857, when defendant administered. The statement in reference to the indebtedness is as follows : " The commercial books of Lattailade were kept by himself, and contain a running account between himself and the plaintiff; said account shows a balance in favor of the plaintiff, at the time of Lattailade's death, of $1790 74." Understanding this statement to mean that the intestate's books showed that the intestate was indebted, at the time of his death, in this sum, the sole question is, did the length of time elapsing between his death and administration on his estate present a bar to the recovery of it? and of this question the twenty-fourth section of the Statute of Limitations (Wood's Digest, 46) furnishes an answer. The second clause of that section reads : " If a person against whom an action may be brought, die before the expiration of the time limited for the commencement of suit, and the cause of action survives, an

action may be commenced against his executors and adminis-trators after the expiration of that time, and within one year after the issuing of letters testamentary or of administration." The debt was due and not barred in April, 1849, according to the statement; and the creditor had one year after the grant of administration to bring his suit; and he seems to have brought it within that time.   The fact that a long period intervened between the death and the administration taken on the estate, can make no difference.   That administration was not taken sooner was as much the fault of the heirs or distributees as of the creditor.   In many cases, the creditor could not administer at all, and in most instances not without inconvenience; and the statute seems not to qualify the right to sue the administrator by any reference to the time which elapses before letters are issued.

The ruling of the Court was erroneous on the agreed state-ment; and the judgment is reversed and cause remanded, with directions to the Court below to enter judgment for the plaintiff in pursuance of this opinion.