[S. F. No. 2983.    Department Two.—December 31, 1904.]

# HIBERNIA SAVINGS AND LOAN SOCIETY, Respondent, v. P. BOLAND, Administrator of Annie Lennon, Deceased, JAMES LENNON, and JAMES BOYER, Appellants.

FORECLOSURE OF MORTGAGE—STATUTE OF LIMITATIONS—DEATH OF ONE MORTGAGOR.—The death of one of two mortgagors does not have the effect to suspend the statute of limitations as to the other mortgagor or as to his grantee.

ID.—BAR APPEARING UPON FACE OF COMPLAINT—DEMURRER—ANSWER—OBJECTION TO EVIDENCE—ABSENCE OF FINDING.—Where the bar of the statute as to the defendants other than the administrator of the deceased defendant appeared upon the face of the complaint, a demurrer to the complaint on that ground was improperly overruled; and the objection is not cured where the answer set up the bar of the statute, and such defendants at the trial objected to evidence of the mortgage on the ground that it was barred as to them, and there is no finding of fact express or implied to the contrary.

ID.—CONSTRUCTION OF FINDINGS—CONCLUSIONS OF LAW—PLEA OF STATUTE NOT DEFEATED.—Where there was no finding upon the plea of the statute, nor of facts from which such finding may be inferred, conclusions of law based upon specific facts found, which were the only facts put in evidence as to the effect of an unrecorded deed from the wife to the husband prior to its record, and as to the deed being subject to the mortgage, and as to the right of foreclosure against them, cannot defeat the plea of the statute.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    James M. Troutt, Judge.

The facts are stated in the opinion.

A. Boyer, for Appellants.

Tobin & Tobin, for Respondent.

SMITH, C.—Appeal of the defendants from a judgment foreclosing the mortgage to the plaintiff, of the defendant Lennon and his deceased wife, Annie Lennon,—the defendant Boland's intestate.    The mortgage was made February 21, 1893, to secure the joint and several promissory note of the

mortgagors for the sum of four hundred dollars, with interest, due one year from date; and was recorded the same day. The suit was brought May 16, 1900.

The case as shown by the pleadings and findings is as follows:—

The allegations of the complaint so far as material are, that the note was made and the mortgage executed and recorded as above stated, and that it has not been paid; that the defendants Lennon and Boyer "have interests in or liens upon said real property, but the same whatever they may be are subsequent and subject to the lien of said mortgage"; that the said Annie died intestate on or about March 29, 1893; and that the defendant Boland was appointed her administrator March 1, 1900.

A demurrer was interposed to the complaint by the defendants Lennon and Boyer, on the ground that it appeared on the face of the complaint that the plaintiff's cause of action was barred by the provisions of section 337 of the Code of Civil Procedure; and there was also a demurrer by the administrator; but both were overruled.

The answer of the defendants Lennon and Boyer alleges, that on or about January 9, 1892, (a little over a year prior to the mortgage,) and afterwards until January 27, 1900, the defendant Lennon was the owner of the mortgaged premises under a deed of the former date, recorded January 27, 1900, and that on the latter date he conveyed the same to the defendant Boyer; that neither the defendant Boland nor his intestate in her lifetime ever had any interest in the mortgaged premises since the mortgage was made; and that the plaintiff's action is barred by the provisions of the above-cited section 337 of the Code of Civil Procedure.

All the allegations of the complaint are found to be true, except the allegation as to the interests of the defendants Lennon and Boyer in the mortgaged land; and with regard to this, and the corresponding allegations of the answer, it is found that at the date of the mortgage the mortgaged property "stood of record in the name of [Mrs.] Lennon"; who by deed of grant, of date January 9, 1892, had conveyed the same to the defendant Lennon; and "that the defendant Lennon acquired said real property by said deed," and the said Boyer by conveyance from him as alleged in the answer.

There is no finding upon the plea of the statute; nor of facts from which such finding may be inferred. But it is claimed by the respondent that certain of the conclusions of law are to be regarded as findings of fact, and that these are sufficient to defeat the plea. These are: "That the said deed [referring to the deed of Mrs. Lennon to her husband] was void as to the plaintiff up to the time of recording the same"; and, in effect, that the defendants Lennon and Boyer thereby acquired an interest in the mortgaged property "subsequent and inferior to the lien of plaintiff," and "subject" thereto. But, obviously, these propositions are in their nature what they purport to be,—that is, mere conclusions of law based on the specific facts found; which, it appears from the bill of exceptions, were the only facts put in evidence.

A personal judgment was entered against the defendant Boland as administrator for the amount due on the note; and a judgment of foreclosure against the defendants generally.

It is admitted that, under the provisions of section 353 of the Code of Civil Procedure, the plaintiff's cause of action is not barred as to the defendant administrator. But the contrary is claimed as to the defendants Lennon and Boyer; and whether this contention can be sustained is the only question involved in this appeal. It will be considered, first, as presented by the demurrer to the complaint, and afterwards as affected by the subsequent proceedings.

As to the former aspect of the question, it appears on the face of the complaint that the suit was brought more than six years after the note and mortgage became due; and nothing appears in the complaint to rebut the defense of the statute, unless it be the bare fact of the death of Mrs. Lennon before the note was barred. But this, it is clear upon principle, could not affect the bar of the statute as to the surviving mortgagor; and it has been so held. (*Vandall* v. *Teague,* 142 Cal. 471; *Sichel* v. *Carillo,* 42 Cal. 493.) On the facts alleged, therefore, all that the plaintiff was entitled to was a judgment against the administrator of Mrs. Lennon only, and such as "in no wise to prejudice the title of" her co-mortgagor. (*Vandall* v. *Teague,* 142 Cal. 493.) This decision does not conflict with the decision in *Estate of Bullard,* 116 Cal. 355, cited by the respondent's counsel.

Nor was the error in overruling the demurrer cured by the subsequent proceedings. The plaintiff was, perhaps, entitled to controvert the affirmative defense set up in the answer, and, without pleading, to prove any facts tending to rebut it (Code Civ. Proc., sec. 462, and cases cited, Pomeroy's ed.), and a finding in its favor on sufficient evidence upon the issue of the statute would have been sufficient to support the judgment. But, as appears from the bill of exceptions, the only evidence offered by the plaintiff—except as to non-payment—was the note and mortgage; which were admitted over the objection that it appeared on their face that they were barred by the statute as pleaded. On the evidence, therefore, as well as on the complaint, the plaintiff's cause of action appears to be barred, and there is no finding express or implied to the contrary.

We advise that the judgment appealed from be reversed.

Harrison, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed.

McFarland, J., Lorigan, J., Henshaw, J.