[Civ. No. 7170. First Appellate District, Division One.—July 9, 1930.]

FRANK BRYSON, Administrator, etc., Appellant, v. WARD AMES HILL, Executor, etc., Respondent.

Everett W. Mattoon, County Counsel, S. V. O. Prichard, Deputy County Counsel, and George C. Watson for Appellant.

Ward Ames Hill, *in pro. per.*, for Respondent.

THE COURT.—This action was brought to establish a claim against the estate of Delbert Wayne Jacobus, deceased.

The plaintiff, who has since died, and the decedent above, named were brothers and it appears from the testimony that in October, 1914, a few days after the death of their mother the decedent agreed to sell certain furniture owned by her and two hundred shares of corporate stock standing in her name, but which had been purchased with money advanced by the plaintiff, and with the proceeds to pay certain debts which their mother had incurred. The furniture and stock were sold, but instead of making the payments, decedent converted the proceeds to his own use and disappeared. It further appears that the brothers did not meet again until December, 1923, when decedent promised to pay plaintiff the amount received. No part was paid however. The decedent died on May 17, 1928, and the claim sued upon was presented to the executor of his estate and rejected.

The court found that the decedent repudiated his promise in October, 1914, and that the plaintiff with knowledge thereof paid the debts mentioned, and it also found that the claim was barred by section 343 of the Code of Civil Procedure. It is plaintiff's contention that a voluntary trust was created and that the above findings are unsupported. An enforceable voluntary trust in personal property can be created by parol. (*Hellman* v. *McWilliams*, 70 Cal. 449 [11 Pac. 659]; *Noble* v. *Learned*, 153 Cal. 245 [94 Pac. 1047].) In the case of a voluntary trust the period of limitation commences to run from the time the trustee repudiates the trust (*Arnold* v. *Loomis*, 170 Cal. 95 [148 Pac. 518]), and the trustor acquires knowledge or notice

of such repudiation. (25 Cal. Jur., Trusts, sec. 133, pp. 271, 272; *Bills v. Silver King Min. Co.*, 106 Cal. 9 [39 Pac. 43].) The conversion by decedent of the proceeds of the sale of the property which the testimony shows the plaintiff knew was sufficient to support a finding of repudiation and of knowledge thereof. (*Cortelyou v. Imperial Land Co.*, 166 Cal. 14 [134 Pac. 981].) Whether the claim be upon the implied promise which arose upon the repudiation of the trust or the express promise to pay which was made to plaintiff in 1923, both were barred by the statute before the death of the decedent. And while the bar of the statute was not pleaded by the defendant executor it could not be waived by him and the finding referred to was proper. (*Reay v. Heazelton*, 128 Cal. 335 [60 Pac. 977].)

The conclusions of the trial court are fully supported and the judgment is accordingly affirmed.