[L. A. No. 13382.   In Bank.—February 17, 1932.]

M. SECHES, Respondent, v. LOUIS L. BARD et al., Appellants.

Philip Cohen for Appellants.

H. H. Harris and David E. Field for Respondent.

THE COURT.—The petition for a transfer of this cause to this court was granted in order to give further consideration to the point raised by appellants that in part this action had been prematurely brought.  Based on this

contention the appellate court partially reversed the judgment of the trial court. Upon mature deliberation we are of the opinion that, as applied to the facts of this case, the point is without merit.

It appears that the defendants, Mr. and Mrs. Louis Bard, and plaintiff's assignors, Mr. and Mrs. Arthur Bard, were engaged jointly in various theatrical enterprises resulting in a considerable amount of litigation. In December, 1928, the Bards entered into an agreement of settlement with their opponents, by the terms of which the Bards became entitled to the sum of $78,000, $30,000 of which was paid to them in cash, the balance being evidenced by twelve promissory notes of the sum of $4,000 each, payable progressively one each month. The makers of these notes were solvent, and the notes were guaranteed by the West Coast Theaters, Inc., a solvent concern. The present action arose because of divergent claims made by the two Bard families to the proceeds of this settlement. The $30,000 in cash and the notes were delivered to defendant Louis Bard. He gave his brother Arthur the sum of $12,500, but a dispute arose as to the proper division of the balance. Arthur Bard claimed he was entitled to one-half of the proceeds of the settlement, while Louis Bard contended that he was entitled to the entire balance. Being unable to agree, Arthur Bard and his wife assigned their claim to plaintiff for purposes of suit, and this action was commenced. The amended complaint is in the form of a common count for money had and received in the sum of $26,500, that sum being one-half of the $78,000 less the $12,500 already received. The complaint likewise alleges that plaintiff has demanded the money from defendant but that defendants "have refused and failed and still refuse and fail to pay the same or any part thereof" to plaintiff.

The answer denied the allegations of the complaint except that it was admitted that $12,500 had been paid. The defendants also counterclaimed for $3,125, it being shown at the time of trial that that sum was one-half the amount that Louis Bard had expended for attorney's fees in litigation in which he and Arthur Bard were interested. Before the time of trial defendants demanded and secured a bill of particulars as to the items upon which plaintiff relied. After a trial on the merits the trial court entered

its judgment in favor of plaintiff. It found, and such finding is amply supported by the evidence, that the plaintiff's assignors were entitled to share in the proceeds of the settlement in the ratio that 413 bears to 1357; that from that amount should be deducted the $12,500 already received by Arthur Bard, and the sum of $3,125 expended by Louis Bard for Arthur Bard's benefit. There is no dispute that so computed the amount due plaintiff is the sum of $8,114.13.

During the trial it was incidentally disclosed that only seven of the notes had matured on that date, and that these seven notes had been paid to defendants, but that five of the notes, totaling $20,000, had not then matured and were then unpaid. Defendants did not plead that in reference to this $20,000 the action was premature, nor did they directly or indirectly present that point by motion or otherwise to the trial court. From a reading of the entire record it is obvious that the parties to the action tried the case on the theory that the sole question involved was the proportion that the contestants were entitled to share in the proceeds of the entire settlement. Defendants at no time objected that the $20,000 unpaid was in any different status than the $58,000 that had been paid, and in fact treated the entire $78,000 as being the fund in controversy. It was not until the case was appealed that defendants objected that as to the unpaid notes the action was premature. Respondent states in her brief that since the trial all of the notes have been paid. This contention is not denied by appellants. On such a state of the record it would not only place an unnecessary burden on the parties to reverse the case in reference to the $20,000 unpaid at the time of trial, but such action would also be violative of certain well-settled legal principles. The rule has long been settled that the defense that an action is premature is in the nature of a dilatory plea not favored in the law, and that such defense must be seasonably urged in the trial court or it is waived. In the early case of *Hentsch* v. *Porter,* 10 Cal. 555, at page 561, the rule is stated as follows:

"Where the objection, if true, would only defeat the *present right to recover,* the defendant, though not compelled to demur or answer, *should be obliged to make the*

*objection, by motion or otherwise, before the court of original jurisdiction,* during the term at which the judgment was obtained. But where the defect in the complaint is of such a serious character as to show that the plaintiff could never, at *any* time, obtain *any* judgment upon the cause of action alleged, then the defendant should be allowed to make the objection for the first time in the appellate court."

This court, in the recent case of *Verbeck* v. *Clymer*, 202 Cal. 557, stated the rule in the following language at page 562 [261 Pac. 1017, 1018]:

"It is well settled that the plea that an action has been prematurely brought is in the nature of a dilatory plea which must be specially pleaded in order to be available as a defense. (*Realty & Rebuilding Co.* v. *Rea*, 184 Cal. 565, 573 [194 Pac. 1024]; *Bemmerly* v. *Woodward*, 124 Cal. 568 [57 Pac. 561].)"

For the foregoing reasons we do not think that defendants are entitled to a reversal of the judgment of the trial court on the ground that the action was prematurely brought in reference to the $20,000 unpaid at the time of trial. We have considered the other contentions of appellants and find them to be without merit.

The judgment is affirmed.