[Civ. No. 5323. Third Appellate District.—October 11, 1935.]

SOFIA LAUKKARE, Appellant, v. LIZZIE ABRAM-SON, as Administratrix, etc., Respondent.

Lilburn Gibson for Appellant.

Norman Johnson and Thomas & Thomas for Respondent.

MONCUR, J., *pro tem.*—The question on this appeal involves the sufficiency of notice respecting rejection of a claim against the estate of a deceased person. The action is one on a claim for services alleged to have been performed by the plaintiff for August Aho, son of Malakius Aho, deceased, at the special instance and request of defendant's decedent and of whose estate the defendant, Lizzie Abramson, is the duly qualified and acting administratrix.

The facts necessary to a decision of the issue are set forth in the findings of the trial court, which findings are as follows: "That the said Malakius Aho died on the 3rd day of December, 1933, and that his said son August Aho had died prior to that time; that notice to creditors of said Malakius Aho was duly given and published and that in due time plaintiff presented her claim to the said Lizzie Abramson as administratrix of the estate of said Malakius Aho deceased, and which said claim was rejected on the 9th day of January, 1934; that such rejection of said claim was endorsed on the back thereof and signed by the said administratrix on the said 9th day of January, 1934, and within a few days thereafter and more than three months before the complaint was filed herein the said claim so marked 'rejected' was handed to plaintiff's attorney on or about the 19th or 20th day of January, 1934, and that no other written notice of such rejection was ever given; that the complaint herein was filed on the 25th day of April, 1934, and that more than three months therefore elapsed between the time that the claim was so delivered to plaintiff's attorney and the filing of plaintiff's complaint herein."

From the foregoing findings of fact the court concluded that the notice of rejection was sufficient and that the said claim was barred by the provisions of section 714 of the Probate Code of this state. Said section of the Probate Code provides that when a claim is rejected, either by the executor, or administrator, or by the judge, written notice of such rejection shall be given by the executor or administrator to the holder of the claim or to the person filing or presenting it, and the holder must bring suit in the proper court against the executor or administrator within three months after the date of service of such notice; otherwise the claim shall be forever barred.

This appeal comes before the court upon the judgment roll alone and we have not before us the evidence taken at the trial of the case. If the facts elicited at the trial showed that at the time of the rejection of said claim plaintiff did not have an attorney representing her and had no attorney up to the time of the filing of the action, the question of the sufficiency of the finding that the rejected claim was handed to plaintiff's attorney on or about the date mentioned might be questioned, but, under the findings of the court as shown by the record, we are bound to presume, in support of the findings, that the handing of the rejected claim to plaintiff's attorney on or about the date mentioned was notice to plaintiff of the rejection of said claim at said date, and it must be presumed that the evidence offered in support of the findings was sufficient to support the facts found. (*Bogart* v. *George K. Porter Co.*, 193 Cal. 197 [223 Pac. 959, 31 A. L. R. 1045], and cases therein cited.)

It is well established by numerous authorities that knowledge of an agent is imputed to his principal and also that the knowledge of an attorney is imputed to his clients.

We therefore conclude that, in the absence of a transcript of the testimony taken at the trial, we are bound by what is found in the judgment roll and are compelled to hold that, under the findings of the court, plaintiff had notice of the rejection of her claim more than three months before the commencement of the action and that her claim is barred.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.