[Civ. No. 16510.   Second Dist., Div. One.   Jan. 6, 1949.]

CALIFORNIA BANK (a Corporation), Appellant, v. MARSHALL STIMSON, as Administrator, etc., et al., Defendants; PAUL MORGAN OGILVIE, as Executor and Individually as Intervener, etc., Respondent.

Swanwick, Donnelly & Proudfit and Donald O. Welton for Appellant.

Marshall Stimson and Noel Edwards for Respondent.

WHITE, J.—This is an action to recover a deficiency on a trust deed note executed by Harriet Ogilvie and payable to plaintiff California Bank. The note and trust deed were executed on October 19, 1933. The trust deed was foreclosed by exercise of the power of sale on December 16, 1941.

Harriet Ogilvie died on or about October 11, 1941. Marshall Stimson was thereafter appointed, qualified as administrator of her estate, and caused notice to creditors to be published

on June 9, 1943. Thereafter, letters testamentary in said estate were issued to defendant and intervener Paul Morgan Ogilvie. On or about July 19, 1943, plaintiff bank filed a duly verified claim against the estate for the unpaid balance of said promissory note. Neither the administrator nor the executor took any action on such claim and the same was neither allowed nor rejected.

On June 26, 1945, plaintiff bank filed an action for $7,416.03, asking for a deficiency judgment. So far as here pertinent, the claim set forth the note and trust deed, and alleged the sale of the property on December 16, 1941, which was some four and one-half years prior to the institution of the action for a deficiency judgment.

On September 25, 1945, the administrator and executor of the estate filed their joint answer, and on October 9, 1945, Paul Morgan Ogilvie individually was permitted to file an answer in intervention.

Since the only question to be determined is the correctness of the court's ruling on the defendant's objection to the taking of any evidence, a recital of further facts or proceedings becomes unnecessary.

Because on March 3, 1947, Marshall Stimson had been discharged as administrator, plaintiff consented to a dismissal of the action as to him in his capacity as administrator of the estate of Harriet Ogilvie, deceased. .

When the cause was called for trial, defendant executor objected to the taking of any evidence on the ground that the complaint did not state facts sufficient to constitute a cause of action, based on the contention that the same was filed more than three months after the foreclosure sale of the property under the trust deed (Code Civ. Proc., § 580a). The objection was sustained and judgment entered for defendant and intervener, from which plaintiff prosecutes this appeal.

The trust deed contained a provision reading as follows: "The right to plead any and all statutes of limitation as a defense to any demand secured by this deed of trust is hereby waived."

The only question presented on this appeal is whether or not the foregoing provision in the trust deed just quoted was effective when the instant action was brought under the provisions of section 580a of the Code of Civil Procedure, for a deficiency judgment on a trust deed sale where the note and trust deed were executed subsequent to the enactment of the statute.

In this regard it is appellant's contention that the statutes which limit the time for the commencement of actions for deficiencies on trust deed notes are statutes of limitation and may be waived.

Respondents on the contrary, urge that section 580a of the Code of Civil Procedure is not a statute of limitation but a statute of creation; that it is legislation affecting and intended to benefit a large class of the inhabitants of the state and must be held to be a statute declaring a public policy of the state which cannot be waived by contract. That the entire procedure for obtaining a deficiency judgment is set forth in the statute and in order to take advantage thereof, all of the statutory provisions must be complied with.

We are persuaded that section 580a of the Code of Civil Procedure was enacted by the Legislature for the purpose of relieving mortgage and trust deed debtors. That the debtor class in California constitutes a substantial portion of the state's population cannot be doubted. The code section with which we are here concerned, like other statutes, was adopted to promote the public welfare by shielding the debtor class from oppression. It must therefore be construed as declarative of a public policy of the state and cannot be waived by contract (*Winklemen* v. *Sides*, 31 Cal.App.2d 387, 409 [88 P.2d 147] ; Civ. Code, §§ 3268, 3513). That the statute here in question is not a law intended for the benefit of the person immediately concerned and can by him be waived (Civ. Code, § 3513), but was enacted for a public reason and as a declaration of public policy is evidenced by the following statement of the Supreme Court in the case of *Hatch* v. *Security-First National Bank,* 19 Cal.2d 254, 259 [120 P.2d 869] :

"The evil which led to the enactment of this legislation became pronounced during the recent period of economic depression when creditors were frequently able to bid in the debtor's real property at a nominal figure and also to hold the debtor personally liable for a large proportion of the original debt."

In the case just cited it was also held that the rights of the holder of an obligation secured by a deed of trust *against the estate of a deceased maker* are the same as the rights of the holder of such obligation against a living maker thereof.

The purpose and intendment of section 580a of the Code of Civil Procedure were thus set forth in *Reynolds* v. *Jensen,* 14 Cal.App.2d 558, 559 [58 P.2d 687] : "These enactments

were a part of a legislative plan to lighten the burdens of trust deed debtors as evidenced by numerous changes made in the laws at the same session of the legislature.''

We are satisfied that section 580a of the Code of Civil Procedure is a law adopted for a public reason and comes within the purview of section 3513 of the Civil Code which provides that the provisions of such a law cannot be waived by a private agreement. Any other holding would manifestly result in a loss of much of the effectiveness of the statute. Indeed, if the debtor could be permitted to waive the provisions of the statute, the effect of the section could be entirely nullified.

Appellant's reliance upon the case of *Ware* v. *Heller,* 63 Cal.App.2d 817, 823 [148 P.2d 410], is unavailing. In the cited case the main question before the court was whether or not the provisions of section 580a of the Code of Civil Procedure were retroactive. There was no question in that case of the applicability of sections 3513 and 3268 of the Civil Code. We do not regard the use in that case of the phrase, ''it has repeatedly been held that they are the statutes of limitations applicable to actions for deficiency judgments'' as holding that section 580a of the Code of Civil Procedure is to be regarded as a general statute of limitation carrying with it not a right protected under the rule of public policy, but a mere personal right for the benefit of the individual, which may be waived.

Other cases cited by appellant do not militate against the conclusion at which we have herein arrived because they deal with general statutes of limitation, enacted for the benefit of the individual. Therefore, they cannot be regarded as authority for the contention that the provisions of section 580a of the Code of Civil Procedure can be waived when, as we hold, this code section was adopted to remedy certain abuses affecting a large class of the residents of California, and therefore, affecting the public welfare of the state.

While we are cited to no cases directly holding that the three months' limitation for the commencement of an action for a deficiency judgment under section 580a of the Code of Civil Procedure can or cannot be waived, and research has revealed no such case, we are satisfied that it is the duty of courts to refuse to sustain that which is against the public policy of the state, when such public policy is manifested by legislation or the fundamental law of the state. Were we to

hold that the provisions of the code section here in question can be waived by private agreement, we would thereby ignore the declared policy of the state as manifested by legislation affecting the public welfare of the state, and would thereby make it possible to defeat by private agreement the purpose and object of the statute in question.

For the foregoing reasons, the judgment is affirmed.

York, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 3, 1949.