[Civ. No. 8115.   Third Dist.   Aug. 7, 1952.]

GORDON H. SMITH et al., Respondents, v. RICHARD E. FINLEY, as Administrator, etc., Appellant.

Lovett K. Fraser and Fredric S. Crump for Appellant.

H. G. Crawford for Respondents.

ADAMS, P. J.—Plaintiffs, who are husband and wife, brought this action against the administrator of the estate of M. B. Finley, deceased, charging that decedent Finley had so negligently operated a motor vehicle as to cause it to collide with two riding horses on which plaintiffs were mounted and as a result plaintiff Gordon Smith was thrown to the ground, sustaining personal injuries, and one of the horses was injured. The accident occurred on August 8, 1949. Finley died December 23, 1949, and this action was commenced July 27, 1950. The case was tried by the court sitting without a jury and defendant's counsel conceded that the accident was due to negligence of decedent. He also conceded that Mr. Smith's testimony as to the amount of his expenditures was true. No testimony was presented by defendant. The court gave and entered judgment in favor of plaintiffs for $1,653.26 for personal injuries to Gordon H. Smith and his incidental expenses, and $334 for injuries to the horse. From that judgment this appeal was taken. On October 1, 1949, and before the death of M. B. Finley, section 956 of the Civil Code came into effect. It provides:

"A thing in action arising out a wrong which results in physical injury to the person or out of a statute imposing liability for such injury shall not abate by reason of the death of the wrongdoer or any other person liable for damages for such injury, . . ."

Appellant contends that since said section was not in effect *at the time of the accident* it is not applicable in this case. Respondents contend that since said section was in effect *at the time the tort feasor died* it is applicable. Both parties rely on *Cort* v. *Steen,* 36 Cal.2d 437 [224 P.2d 723]. In that case an action against the administrator of the estate of the deceased tort feasor was commenced prior to the effective date of section 956, *supra.* In the instant case the section became effective before the death of the tort feasor. Therein lies the difference. While the opinion in *Cort* v. *Steen* does not in so many words make that distinction, we think that it is plainly inferable from the reasoning of the court. Plaintiffs concededly had a valid cause of action against decedent Finley. When Finley died, that cause of action survived against his administrator by virtue of section 956, *supra,* which was then in effect. The trial court did not err in so holding.

Appellant also contends that the trial court committed error in allowing $334 as damages for injuries to plain-

tiffs' horse. As hereinbefore stated, defendant offered no testimony whatever at the trial. Dr. Winteringham, a veterinarian whose qualifications were conceded by defendants, examined the animal after the accident and testified that its hip was injured, that it was still lame at the time of the trial and probably would not recover from the injury, and that its reasonable value before the injury was between $400 and $500, and its value afterward was probably only the value for chicken feed—approximately $66. The trial court took $400 as the value before injury, deducted the chicken feed value, and fixed the damages at $334. While defendant questioned the qualifications of Dr. Winteringham to evaluate horses, the latter testified that for approximately 30 years he had been making appraisals of horses for insurance companies, and had appraised horses even in Lake County, and we cannot say that the court erred in accepting his appraisal of the horse in controversy.

Defendant, on motion for a new trial, filed an affidavit to the effect that the horse was only slightly injured, had been used as a saddle horse ever since the accident, on trail rides and in a quadrille team, and that defendant had offered plaintiffs $150 for it which they refused to accept. But there was no such evidence at the trial and the court denied a new trial; and we cannot say that in so doing it abused its discretion.

Appellant also argues that his demurrers to the complaint should have been sustained, but his arguments thereupon are based upon the propositions hereinabove discussed, and require no further discussion.

The judgment is affirmed.

Van Dyke, J., and Schottky, J. pro tem., concurred.