[L. A. No. 24421.   In Bank.   Oct. 30, 1957.]

CLARENCE RADAR et al., Appellants, v. ALPHA C. ROGERS, as Administratrix, etc., Respondent.

Gray, Glass, Allen & Ransom, Dudley Gray and Gray, Glass & Allen for Appellants.

Ball, Hunt & Hart and Loyal C. Pulley for Respondent.

SCHAUER, J.—Plaintiffs appeal from a judgment entered after a demurrer to their second amended complaint was sustained without leave to amend. Plaintiff Radar was allegedly injured and the property of plaintiffs Walter J. Henry and Catherine Henry damaged by the negligence of George Rogers, since deceased. The question is whether the action is barred by the following provision of section 714 of the Probate Code: "When a claim is rejected either by the executor or administrator . . . written notice of such rejection shall be given . . . to the holder of the claim or to the person filing or presenting it, and the holder must bring suit in the proper court against the executor or administrator, within three months after the date of service of such notice if the claim is then due . . . [or] the claim shall be forever barred."[1]

At the time plaintiffs' claims were presented to and rejected by the administratrix of the estate of George W. Rogers, the complaint in this action was already on file. At the time it was filed no personal representative of decedent had been appointed. The complaint named as defendants "John Doe and Jane Doe, as Administrator and/or Administratrix of the Estate of George Rogers, Deceased" and alleged "that the defendants John Doe and Jane Doe are sued herein as Administrator and/or Administratrix of the Estate of George Rogers, deceased, for the reason that the true name of the administrator and/or administratrix is unknown to the plaintiffs at this time." The complaint was not amended to allege the true name of the administratrix (who was appointed one year, less one day, subsequent to its filing) until more than three months after plaintiffs' claims were presented and rejected. We have concluded that inasmuch as the suit against

---

[1]See also Prob. Code, § 716: "No holder of a claim against an estate shall maintain an action thereon, unless the claim is first filed with the clerk or presented to the executor or administrator [with an exception not here material]."

Prob. Code, § 707: "All claims . . . for damages for physical injuries . . . or injury to property . . . must be filed or presented within the time limited in the notice [to creditors] . . .."

the fictitiously named personal representatives was on file at the time plaintiffs' claims were rejected, plaintiffs have substantially met the requirement of section 714 that they "bring suit . . . within three months after the date of service of such notice [of rejection of their claims]." In the circumstances of this case, as hereinafter developed, the fact that the suit *was on file* not later than "three months after the date of service" of the notice of rejection is sufficient to defeat the plea in abatement and sustain the action.

Chronologically the factual situation is as follows:

December 15, 1952: The accident which gave rise to this action occurred. Rogers was killed in that accident.

March 11, 1953: Complaint was filed herein against "John Doe and Jane Doe, as Administrator and/or Administratrix of the Estate of George Rogers." As above set out more fully, it alleged as a ground for use of the fictitious names "that the true name of the administrator and/or administratrix is unknown to the plaintiffs at this time."

March 10, 1954: Defendant was appointed and qualified as administratrix.

March 12, 1954: Notice to creditors was first published.

August 12, 1954: Plaintiffs presented their claims to the administratrix. This presentation was timely within section 700 of the Probate Code (within six months after first publication of notice to creditors).

August 20, 1954: The administratrix gave notice of rejection of plaintiffs' claims. (It thus appears that defendant had notice of, and opportunity to voluntarily approve and pay, plaintiffs' claims; this fact becomes important, as is hereinafter developed.)

February 21, 1955: Plaintiffs filed a first amended complaint which named "Alpha C. Rogers, as Administratrix of the Estate of George W. Rogers," as defendant.

Defendant did not at this time plead the bar of the statute as a defense; instead she demurred to this complaint generally and specially, specifying as grounds that it failed to state facts constituting a cause of action and that it was uncertain, ambiguous and unintelligible in that it did not appear therefrom whether a claim had been filed in the estate proceeding. The demurrer was sustained with leave to amend.

April 4, 1955: Plaintiffs filed a second amended complaint alleging the presentation and rejection of their claims.

Defendant's demurrer to this second amended complaint was used as a vehicle for points and authorities which raised

the contention that the suit was barred by limitation because it was not *instituted after,* and *within three months after,* the rejection of the claims, as assertedly required by section 714. Such demurrer was sustained without leave to amend.

The so-called amended complaints are, speaking technically, by code definition, supplemental complaints; that is, they allege "facts material to the cases occurring after the former complaint." (Code Civ. Proc., § 464; see *California etc. Co.* v. *Schiappa-Pietra* (1907), 151 Cal. 732, 742-743 [91 P. 593].) From the second amended (or supplemental) complaint it appears that after, rather than before, this action was filed plaintiffs took the essential (to recovery of judgment) step of presenting their claims to the administratrix.[2]

It has been said that "The general rule is that where an action is prematurely brought, and the original complaint must fall, a supplemental complaint has no place as a pleading." (*Walton* v. *County of Kern* (1940), 39 Cal.App.2d 32, 34 [1] [102 P.2d 531], citing *Morse* v. *Steele* (1901), 132 Cal. 456, 458 [64 P. 690], and *Lewis* v. *Fox* (1898), 122 Cal. 244, 252 [54 P. 823].) But the rule of the Walton case is by no means absolute and universal in application. The statement quoted was made in connection with a holding that a supplemental complaint cannot aid an original complaint which was filed before a cause of action had arisen. Here there was a cause of action when the original complaint was filed. That cause of action accrued when the accident happened. Every fact essential to state a cause of action, at least in the absence of a plea in abatement, is well pleaded. As stated in *Preston* v. *Knapp* (1890), 85 Cal. 559, 561 [24 P. 811], "Appellant's counsel contend that, inasmuch as the complaint was not amended after the substitution of the executrix, by adding thereto an averment that the claim had been regularly presented to and rejected by the executrix, it is insufficient to support the judgment. But as no such objection was made in the court below, and as defendant expressly admitted on the trial that the claim had been presented to the executrix in due time, and that she had refused to act upon it, and made no objection on the ground that it was not presented in due form, it is too late to make the objection that the presentation and rejection of the claim were not alleged

[2]The notice to creditors requires "all persons having claims against the decedent to file them . . . in the office of the clerk of the court from which letters issued, or to present them . . . to the executor or administrator . . ." (Prob. Code, § 700.)

in the complaint, for the first time, on this appeal. (*Hentsch* v. *Porter,* 10 Cal. 555; *Coleman* v. *Woodworth,* 28 Cal. 568; *Bank* v. *Howland,* 42 Cal. 130; *Drake* v. *Foster,* 52 Cal. 225.) [Here, we recognize that defendant argued the asserted defect on demurrer in the trial court. But the opinion continues:] The object of the statutory requirement of presentation and rejection of claims against estates, as a condition precedent to the commencement of suits upon them, is to save to estates of deceased persons the costs and expenses of useless suits,— suits to recover what would have been allowed and paid by the executor or administrator without suit. The merits of such claims do not depend in any degree upon their presentation and rejection before suit.''

At the time the complaint in the case at bar was filed, as is obvious from the facts above related, the claim here had not, and could not have, been presented to the personal representative of decedent's estate because no personal representative had been appointed, and no claim had or could then have been filed ''in the office of the clerk of the court from which letters issued'' (Prob. Code, § 700), for no letters had issued. Nevertheless, the cause of action was extant. ■ ''A thing in action arising out of a wrong which results in physical injury to the person . . . shall not abate by reason of the death of the wrongdoer.'' (Civ. Code, § 956.) The cause of action against the decedent is the cause of action which survives against the personal representative. (*Smith* v. *Finley* (1952), 112 Cal.App.2d 599, 600 [1] [246 P.2d 989].) Realism requires us to recognize the practical problem which plaintiffs faced. They believed they had a cause of action and in the exercise of diligence they wished to have their complaint on file before any question as to the running of an applicable statute of limitations could arise. Accordingly, they filed this complaint alleging the facts as above related. The desirability of the procedure followed by plaintiffs is not a matter which requires consideration or comment; we pass only on the ultimate questions of law essential to disposition of this appeal.

Persuasive here is *Security-First Nat. Bank* v. *Bennett* (1936), 17 Cal.App.2d 641, 642-643 [62 P.2d 798]. There a complaint was filed against seven defendants, one of whom was deceased at the time the complaint was filed. Plaintiff presented his claim to the executrix of the deceased defendant on August 8, 1933, and the claim was rejected on August 23, 1933. An amended and supplemental complaint in which the

death of the deceased defendant was set out was filed on February 9, 1934. The appellate court rejected the contention that the action was barred by the provision of section 714 of the Probate Code that suit must be brought within three months after service of notice of rejection of claim. It is said that "The point now presented is highly technical and does not affect the substantial rights of the parties. Before the filing of the amended and supplemental complaint the executrix had ample notice of the claim and opportunity to approve it. There has been no miscarriage of justice. (Const., art. VI, § 4½.)" (See also *Grant* v. *Sun Indemnity Co.* (1938), 11 Cal.2d 438, 440 [80 P.2d 996].)

▌ Here too it would be highly technical to apply section 714 to bar this complaint, which was not filed too late but, at worst, prematurely. The substantial rights of the estate are not affected by the procedure followed by plaintiffs. The administratrix had ample opportunity, before the filing of the amended complaints, to approve plaintiffs' claims. The substance of the defect that the action had been brought before presentation and rejection of claim no longer existed when defendant by general demurrer to the amended and supplemental complaint sought to raise the issue. We do not believe that section 714 was ever intended to bar the action in this situation. ▌ We again quote the language of *Preston* v. *Knapp* (1890), *supra,* "The object of the statutory requirement of presentation and rejection of claims against estates, as a condition precedent to the commencement of suits upon them, is to save to estates of deceased persons the costs and expenses of useless suits,—suits to recover what would have been allowed and paid by the executor . . . without suit." We add, "When the reason of a rule ceases, so should the rule itself." (Civ. Code, § 3510.) Here, the reason of the rule ceases because it appears from the very pleading which defendant relies on to show the facts which she invokes, that before she raised the plea she had had, and had rejected, every benefit the statute gave her.

Further illustrating a liberal approach to the claims requirements of the Probate Code is *Gregory* v. *Clabrough's Executors* (1900), 129 Cal. 475, 479 [62 P. 72]. There an action was pending against Clabrough when he died. On his death a claim was duly presented to his executors but was neither approved nor rejected. It is held that "Section 1498 of the Code of Civil Procedure [now Prob. Code, § 714] can have no application to a case like the present, where the action

was already pending when the claim was presented. All that is required of the plaintiff in such a case is simply to present his claim. (Code Civ. Proc., § 1502 [now Prob. Code, § 709].) The point intended seems to be that suit was not revived against the executors for over three months after the claim was rejected. But there is no provision of the code requiring that it should be revived within any definite period.''

The defense that suit was commenced before the presentation and rejection of claim ''is simply matter of abatement—a defense which is not favored, and must be made by plea, and in proper time, or it is waived.'' (*Bemmerly* v. *Woodward* (1899), 124 Cal. 568, 574-575 [57 P. 561]; see also *Verbeck* v. *Clymer* (1927), 202 Cal. 557, 562 [5] [261 P. 1017]; *Seches* v. *Bard* (1932), 215 Cal. 79, 81 [2] [8 P.2d 835].) Here there is no occasion to consider whether the unfavored defense was waived, for it had ceased to exist at the time defendant sought to raise it. ''A consequence of the disfavor with which such pleas are viewed is that matter in abatement must exist at the time of filing of the pleading urging it'' (1 Cal.Jur.2d 29-30, § 3) and if the stated ground does not exist at the time of trial it may be disregarded. (*Archibald* v. *Iacopi* (1953), 120 Cal.App.2d 666, 669 [5] [262 P.2d 40].)

For the reasons above stated, we have concluded that the general demurrer was improperly sustained.

The judgment is reversed and the cause is remanded to the trial court with directions to overrule the general demurrer, and to entertain such further proceedings as may be appropriate.

Gibson, C. J., Carter, J., Traynor, J., and Spence, J., concurred.

SHENK, J., Dissenting.—It is the general rule, applicable in this case, that in order properly to commence an action there must first be a party then in existence capable of being sued and against whom a judgment may be entered. Secondly, facts must exist at that time which when alleged would be sufficient to support a judgment in favor of the plaintiffs. Here neither condition existed.

Section 714 of the Probate Code requires that the holder of a claim must ''bring suit'' in the proper court against the executor or administrator, within three months after the date of service of notice of rejection of claim or the ''claim shall be

forever barred.'' Under section 350 of the Code of Civil Procedure an action is ''commenced'' when a complaint is filed. However, this section must be construed with section 312 of the Code of Civil Procedure. That section provides that ''Civil actions, without exception, can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, unless where, in special cases, a different limitation is prescribed by statute.'' An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right. (Code Civ. Proc., § 22.) A cause of action cannot exist *in vacuo*. In order that a civil action be prosecuted there must be an existing person against whom the processes of law can operate. (*Tanner* v. *Estate of Best,* 40 Cal.App.2d 442, 445 [104 P.2d 1084] ; Bancroft's Code Pleading [1926], vol. 1, p. 169.) A complaint is based upon the theory that the plaintiff is entitled to judgment at the time of its filing. (*Bank of Italy, etc. Assn.* v. *Bentley,* 217 Cal. 644, 658 [20 P.2d 940].)

When this complaint was filed there was no one in existence against whom a judgment could be entered on the plaintiffs' claim. The necessary party defendant was the personal representative of the decedent's estate acting in her official capacity. (*Cf.* Prob. Code, §§ 714, 573, 577 ; *Mesmer* v. *Jenkins,* 61 Cal. 151, 153.) There was no personal representative appointed at that time and therefore there was no one against whom the plaintiffs could have proceeded.

A complaint naming a nonexistent defendant is fatally defective. Suing the nonexistent personal representative under a fictitious name could not breathe life into the complaint. The fictitious name statute applies where the plaintiff is ignorant of the true name or identity of a real person or a real entity against whom he has a cause of action. In such case the plaintiff may designate the defendant ''by any name'' and when the true name is discovered he may amend his pleading accordingly. (Code Civ. Proc. § 474.) The fictitious name statute was designed to stop the running of the statute of limitations on a cause of action where the identity of a real defendant is unknown at the time the complaint is filed. Where the complaint states a cause of action against such a real but unknown person the complaint may be amended even after the statute of limitations would have otherwise run. The action will then be deemed to have been commenced against

the defendant as of the time the original complaint was filed. (*Hoffman* v. *Keeton,* 132 Cal. 195 [64 P. 264]; *Farris* v. *Merritt,* 63 Cal. 118.)

The plaintiffs were not faced with any problem of having the general statute of limitations run on their claim. Section 353 of the Code of Civil Procedure, enacted in 1872, provides: ". . . If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his representatives, after the expiration of that time, and within one year after the issuing of letters testamentary or of administration." The fact that there was no executor or administrator against whom they could proceed could not prejudice the plaintiffs insofar as the statute of limitations was concerned. It was tolled regardless of the time intervening between the death of the decedent and the appointment of his personal representative. (*Hibernia S. & L. Society* v. *Boland,* 145 Cal. 626 [79 P. 365]; *Danglada* v. *De La Guerra,* 10 Cal. 386, 387.) If the delay in the commencement of probate proceedings caused them any hardship the plaintiffs were not without a remedy. They could have had an administrator appointed under the provisions of section 422 of the Probate Code and presented their claim to him.

Once an administratrix was appointed, however, the plaintiffs were required to be vigilant in presenting their claim. This they did. The rejection of their claim was sufficient to put them on notice that under the law prompt action was required to enable them to pursue their right of action against the estate. This they did not do. They did not sue within due time after the rejection of their claim.

Section 714 of the Probate Code constitutes a special or short-term statute of limitations. (*Cowgill* v. *Dinwiddie,* 98 Cal. 481, 485 [33 P. 439]; *Benedict* v. *Haggin,* 2 Cal. 385, 387; *Estate of Wilcox,* 68 Cal.App.2d 780, 785 [158 P.2d 32]; *Thayer* v. *Fish,* 49 Cal.App.2d 618, 620 [122 P.2d 358]; *San Francisco Bank* v. *St. Clair,* 47 Cal.App.2d 194, 201 [117 P.2d 703]; *Laukkare* v. *Abramson,* 9 Cal.App.2d 447, 449 [50 P.2d 478].) It does not begin to run until after notice of rejection of the claim, or, at the claimant's election, until 10 days after presentation of claim without any action having been taken thereon. (Prob. Code, § 712.) Here the claim of the plaintiffs was rejected on August 20, 1954, and the short-term statute of limitations commenced to operate on that date. Statutes

of limitation are recognized as being "vital to the welfare of society . . . they promote repose by giving security and stability to human affairs . . . they stimulate to activity and punish negligence." (*Wood* v. *Carpenter,* 101 U.S. 135, 139 [25 L.Ed 807], quoted with approval in *Neff* v. *New York Life Ins.,* 30 Cal.2d 165, 175 [180 P.2d 900, 171 A.L.R. 563].) Generally it is held that as between parties acting in their own right the plea of the statute of limitations is a personal privilege. It may be waived and if not asserted, is deemed to have been waived. However, the administratrix, as here, is held to act not in her own right but as trustee for the benefit of creditors and heirs. She possesses no personal privilege to waive the defense of the statute. (*Fontana Land Co.* v. *Laughlin,* 199 Cal. 625, 636-637 [250 P. 669, 48 A.L.R. 1308] ; *Reay* v. *Heazelton,* 128 Cal. 335, 338-339 [60 P. 977] ; *Boyce* v. *Fisk,* 110 Cal. 107, 117 [42 P. 473] ; *Hurlimann* v. *Bank of America,* 141 Cal.App.2d 801, 806 [297 P.2d 682] ; *Bryson* v. *Hill,* 107 Cal.App. 158, 160 [290 P. 52].) She could not have waived the defense that section 714 of the Probate Code barred this action. That section is declarative of a public policy of the state for the efficient administration and the prompt settlement of estates for the benefit of heirs and beneficiaries as well as creditors. Its provisions are comparable to the three months' limitation provided in section 580a of the Code of Civil Procedure for the commencement of an action for a deficiency judgment. The provisions of that section have been held to be part of a legislative plan to lighten the burdens of trust-debtors and they may not be waived as they are not mere personal rights for the benefit of individuals. (*Hatch* v. *Security-First Nat. Bank,* 19 Cal.2d 254, 259 [120 P.2d 869] ; *California Bank* v. *Stimson,* 89 Cal.App.2d 552, 554-555 [201 P.2d 39].) The time provided in the section is reasonable. The Legislature had the power to prescribe the term of the limitation. The language it employed leaves no room for doubt. If the procedure prescribed is not followed the claim is "forever barred."

In order to state a cause of action against the estate a necessary prerequisite was that the claim be first presented to the personal representative of the estate and that it be rejected, or be deemed rejected by operation of law (Prob. Code, § 712). Prior to such rejection no cause of action could be stated. It is the general rule that where an original complaint upon a rejected claim fails because the action is prematurely brought, a supplemental complaint has no place as a pleading to sustain

the action. (*Morse* v. *Steele,* 132 Cal. 456, 458 [64 P. 690] ; *Walton* v. *County of Kern,* 39 Cal.App.2d 32, 34 [102 P.2d 531].) There are no circumstances shown here which would justify a modification of this rule on the grounds of estoppel (*cf. Grant* v. *Sun Indemnity Co.,* 11 Cal.2d 438, 440 [80 P.2d 996]) or waiver (*cf. Bollinger* v. *National Fire Ins. Co.,* 25 Cal.2d 399, 406 [154 P.2d 399]) or other recognized grounds. The cases of *Gregory* v. *Clabrough's Executors,* 129 Cal. 475, 479 [62 P. 72], *Preston* v. *Knapp,* 85 Cal. 559, 561 [24 P. 811], and *Security First Nat. Bank* v. *Bennett,* 17 Cal.App.2d 641, 642-643 [62 P.2d 798], cited in the majority opinion, are distinguishable on their facts.

The majority opinion states that ''it appears from the very pleading which defendant relies on to show the facts which she invokes, that before she raised the plea she had had, and had rejected, every benefit the statute gave her.'' But the benefits the statute gave the administratrix were not merely to have the opportunity of approving or rejecting a claim before suit may be brought thereon. Other benefits and duties were specifically provided for . The statute gave the administratrix a right to consider that at the expiration of three months from the service of notice of rejection of the plaintiffs' claim no action could thereafter be brought. Whether the substantial rights of the estate were affected is not the issue. The legislative concern for prompt settlement of estates is clearly expressed. The rights given to creditors and claimants must be pursued as provided by law. It cannot be said that the administratrix was dilatory in presenting her objections or that she had an opportunity to object at a time when the plaintiffs could have amended their complaint or when they could have dismissed and filed anew. She had no right or privilege to waive her objections. Her objections were in the nature of a plea in bar and not in abatement. The trial court properly sustained her demurrer to the second amended complaint without leave to amend.

For the foregoing reasons and for the additional reasons stated in the majority opinion of the District Court of Appeal of the Second District, Division Two (Cal.App.), 302 P.2d 910, I would affirm the judgment.

McComb, J., concurred.