[No. E025950. Fourth Dist., Div. Two. Oct. 13, 2000.]

LIFE SAVINGS BANK, Plaintiff and Appellant, v.
TOM F. WILHELM et al., Defendants and Respondents.

**COUNSEL**

Hemar & Rousso and Kenneth G. Lau for Plaintiff and Appellant.

Law Offices of Thurman W. Arnold III, Thurman W. Arnold III; and Timothy L. Ewanyshyn for Defendants and Respondents.

**OPINION**

**RAMIREZ, P. J.**—Plaintiff Life Savings Bank (Life) appeals from an order of the trial court denying its request for relief from mistake, inadvertence

and/or excusable neglect under Code of Civil Procedure section 473.[1] Life missed the filing deadline provided in section 726, subdivision (b), for its application for a hearing to determine the fair value of real property after a foreclosure sale in order to obtain a money judgment for the deficiency. Concurrently with filing its late application, Life filed a motion under section 473 for relief from its tardy filing. The trial court held that section 726, subdivision (b)'s three-month period for filing an application for a fair value hearing is essentially a statute of limitations and therefore relief under section 473 was not available. The trial court refused to hear Life's section 473 motion for relief on its merits and, finding it moot, declined to hear the application for a fair value hearing. Life appeals, claiming that the trial court erred in refusing to hear its motion for relief under section 473 on its merits, because section 726, subdivision (b) is merely a procedural time line and does not act as a statute of limitations.

## FACTS AND PROCEDURAL HISTORY

On November 25, 1992, Life entered into two promissory notes with defendants Tom F. Wilhelm and Teresa A. Felix Wilhelm (the Wilhelms), whereby Life agreed to loan them a total of $184,000. Each loan was secured by a deed of trust on a separate parcel of improved real property. The Wilhelms defaulted on their notes and Life filed an action for judicial foreclosure on September 6, 1996. On December 16, 1997, the parties entered into a stipulation for entry of judgment of judicial foreclosure. The trial court entered judgment based upon the stipulation the same day. Both the stipulation and the judgment indicate that the Wilhelms agree that they are personally liable for the payment of the amounts secured by the deeds of trust and that a deficiency judgment may be ordered against them.

On July 14, 1998, Life filed a writ of sale for the real property. Then, on April 8, 1999, the sheriff's sale took place. Life was the highest bidder and obtained the properties for a total of $170,000. On July 19, 1999, Life concurrently filed a motion to allow it to have a hearing on its tardy application for a fair value hearing, as well as the application for the fair value hearing itself. As indicated above, the trial court found that because section 726, subdivision (b) imposed a statute of limitations, Life could not seek relief under section 473. The trial court therefore declined to rule on the merits of the section 473 motion and declined to rule on the application for a fair value hearing. This appeal followed.

## DISCUSSION

 Section 473 allows a court, in its discretion, to relieve a party from "a judgment, dismissal, order, or other proceeding taken against him or her

---

[1]All further statutory references are to the Code of Civil Procedure.

through his or her mistake, inadvertence, surprise, or excusable neglect." (*Id.*, subd. (b).) However, section 473 does not provide relief from such errors that result in the running of the applicable statute of limitations. (*Carlson v. Department of Fish & Game* (1998) 68 Cal.App.4th 1268, 1279 [80 Cal.Rptr.2d 601]; *Castro v. Sacramento County Fire Protection Dist.* (1996) 47 Cal.App.4th 927, 929, 934 [55 Cal.Rptr.2d 193].)

Section 726, subdivision (b) provides, in part, that "[i]n the event that a deficiency is not waived or prohibited and it is decreed that any defendant is personally liable for the debt, then upon application of the plaintiff filed at any time within three months of the date of the foreclosure sale and after a hearing thereon at which the court shall take evidence and at which hearing either party may present evidence as to the fair value of the real property or estate for years therein sold as of the date of sale, the court shall render a money judgment against the defendant or defendants for the amount by which the amount of the indebtedness with interest and costs of levy and sale and of action exceeds the fair value of the real property or estate for years therein sold as of the date of sale." It is undisputed that Life did not file its application for a fair value hearing until July 19, 1999, some 11 days after the expiration of the three-month period allowed by section 726. The sole issue on appeal is whether the three-month period acts as a statute of limitations such that no relief can be had under section 473 for mistake, inadvertence or excusable neglect. This being a pure question of law, we review the trial court's decision de novo. (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856]; *Diamond Benefits Life Ins. Co. v. Troll* (1998) 66 Cal.App.4th 1, 5 [77 Cal.Rptr.2d 581].)

A statute of limitation prescribes the time period beyond which suit may not be brought. (*Utah Property & Casualty Ins. etc. Assn. v. United Services Auto. Assn.* (1991) 230 Cal.App.3d 1010, 1025 [281 Cal.Rptr. 917].) Statutes of limitations are distinguished from procedural limits governing the time in which parties must do an act because they fix the time for commencing suit. (3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 418, p. 527.) The question we must consider, therefore, is whether section 726, subdivision (b) fixes the time in which a party may bring an action. Our reading of the plain language of the statute causes us to conclude that it does. A party who is entitled to seek a deficiency judgment must file an application within three months of the foreclosure sale or no money judgment for a deficiency can be obtained. (§ 726, subd. (b).)

In reaching our conclusion we are supported by cases that have interpreted section 580a as constituting a statute of limitations. (See, e.g., *Citrus State*

*Bank v. McKendrick* (1989) 215 Cal.App.3d 941, 943 [263 Cal.Rptr. 781]; *California Bank v. Stimson* (1949) 89 Cal.App.2d 552 [201 P.2d 39]; *Ware v. Heller* (1944) 63 Cal.App.2d 817, 823-825 [148 P.2d 410].) As does section 726, subdivision (b), which applies to judicial foreclosures, section 580a provides that in the case of nonjudicial foreclosures, a creditor seeking a money judgment for a deficiency must bring an action seeking a deficiency judgment within three months of the sale of the security. (See *Citrus State Bank v. McKendrick, supra*, 215 Cal.App.3d at p. 945 [§§ 580a and 726 both limit the time in which to seek a deficiency judgment to three months after foreclosure sale] and *Coppola v. Superior Court* (1989) 211 Cal.App.3d 848, 863, fn. 8 [259 Cal.Rptr. 811] [time bar in § 580a for nonjudicial foreclosure has its equivalent for judicial foreclosure in § 726, subd. (b)].) Further, the fact that the policies behind the two sections, and indeed the entire statutory scheme regarding the foreclosure of mortgages, are the same, bolsters the conclusion that they should be interpreted in a similar fashion. Essentially they both seek to lighten the burden of trust debtors and to prevent excessive recoveries by secured creditors. (*Kirkpatrick v. Westamerica Bank* (1998) 65 Cal.App.4th 982, 986-987 [76 Cal.Rptr.2d 876]; *Citrus State Bank v. McKendrick, supra*, 215 Cal.App.3d at p. 947; *Roseleaf Corp. v. Chierighino* (1963) 59 Cal.2d 35, 40 [27 Cal.Rptr. 873, 378 P.2d 97]; *California Bank v. Stimson, supra*, 89 Cal.App.2d at pp. 554-555.)

Thus, we conclude that section 726, subdivision (b) provides a three-month statute of limitations in which a party seeking a deficiency judgment must file an application for a fair value hearing and a determination of the amount of the deficiency. The trial court did not err in holding that Life was not entitled to seek relief under section 473 for its failure to meet the three-month deadline.

Life argues that section 726, subdivision (b) cannot be construed as a statute of limitations because a judgment in a judicial foreclosure is a multipart judgment comprised of both the judgment for the sale of the security and the judgment for the deficiency. Therefore, the three-month period is merely "intended to provide administrative convenience and expediency to the process of completing an already pending judicial foreclosure action . . . ." (Italics omitted.) Life argues that this distinguishes section 726, subdivision (b) from section 580a, because the latter applies to the initial court action, while the former applies when an action for foreclosure has already been initiated. We disagree.

Rather than comprising separate "judgments" to a single action, we hold that, for purposes of the statutes of limitations that apply to them, a judgment for judicial foreclosure, which includes a determination that a party has the

right to seek a deficiency, and the deficiency judgment itself are the product of separate actions. Indeed, contrary to Life's argument, a deficiency judgment is not a necessary part of an action for judicial foreclosure. (See, e.g., *Ware .v. Heller, supra,* 63 Cal.App.2d at p. 823 [while action to recover deficiency is founded on instrument secured by a deed of trust, action to recover deficiency may not be maintained until after security is exhausted].) A deficiency judgment need only be sought if the proceeds of the judicial foreclosure are insufficient to cover the secured obligation. Logically then, an action seeking a deficiency is separate from an action seeking the sale of security through judicial foreclosure.

Life cites *Korea Exchange Bank v. Yang* (1988) 200 Cal.App.3d 1471 [246 Cal.Rptr. 619] in support of its claim that an action for a deficiency is not a separate action. While the court in that case did refer to the deficiency action as a "motion," and concluded that notice of the deficiency "motion" need not be given to debtors whose default was taken in the foreclosure action, it did not hold that the deficiency action was part of the judicial foreclosure action, nor did it hold that section 726, subdivision (b) was not a statute of limitations.

Life also cites *United California Bank v. Tijerina* (1972) 25 Cal.App.3d 963 [102 Cal.Rptr. 234], wherein the court referred to actions under section 726 as two-stage proceedings. In that case, a debtor failed to disclose the existence of additional security in the foreclosure action and the creditors obtained a judgment indicating they were entitled to seek a deficiency judgment. The court held that the debtor was precluded from asserting the defense of failure to exhaust all security first in the deficiency action because the issues of waiver and the creditor's right to seek a deficiency had already been adjudicated in the foreclosure action. (*Id.* at pp. 968-969.) Again however, that court did not hold that the action for the deficiency judgment was part of the foreclosure action and did not consider, and thus reached no conclusion on whether section 726, subdivision (b) acts as a statute of limitations on obtaining a deficiency judgment.

Life also argues that the fact that the trial court retains jurisdiction during the period authorized for a redemption under section 729.010 et seq. necessarily requires us to find that the three-month limit was not meant to be a statute of limitations. We are not persuaded. The debtor's right to redeem is a right related to the foreclosure sale and is entirely separate from the creditor's right to obtain a deficiency judgment. Life has provided no authority, nor are we aware of any, for the proposition that the court cannot maintain jurisdiction over the former, yet lose jurisdiction over matters concerning the latter.

Life argues that section 726, subdivision (b) cannot be a statute of limitations because the court in *Florio v. Lau* (1998) 68 Cal.App.4th 637 [80 Cal.Rptr.2d 409] held that it was superseded by another conflicting statute. To the contrary, the court in *Florio* did not find the relevant statutes to be in conflict. Rather, it held that in cases involving mixed collateral of both personal and real property, the three-month limitation period in section 726, subdivision (b) does not apply at all. (68 Cal.App.4th at pp. 646-653.)

Finally, both Life and the Wilhelms advance several equitable points, which they argue support a finding in their favor. However, these equitable considerations do not apply in determining whether or not the three-month period in section 726, subdivision (b) is a statute of limitations. They would only apply if we determined that it was necessary to remand the case for a hearing on Life's motion for relief under section 473, and then would have to be determined by the trial court. Having determined that Life is not entitled to seek relief under section 473, there is no need for us to remand the case to the trial court, and no reason for us to consider the equitable arguments further.

## DISPOSITION

The trial court's order is affirmed. Defendants to recover their costs on appeal.

McKinster, J., and Gaut, J., concurred.