[No. D009126. Fourth Dist., Div. One. Mar. 21, 1990.]

CLAYNE C. VIRGIN et al., Plaintiffs and Appellants, v. STATE FARM FIRE & CASUALTY COMPANY et al., Defendants and Respondents.

[And four other cases.][1]

---

[1] *Crossman* v. *State Farm Fire & Casualty Co.* (No. D009185); *Benavides* v. *State Farm Fire & Casualty Co.* (No. D009188); *Abramovitz* v. *Fire Insurance Exchange* (No. D009391); *Seyller* v. *State Farm Fire & Casualty Co.* (No. D009454).

COUNSEL

Patrick E. Catalano, Thomas F. Maxwell, Jr., and Richard F. Rescho for Plaintiffs and Appellants.

Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone, Hughes & Campbell, Horvitz & Levy, Peter Abrahams, Douglas G. Benedon and Randall M. Nunn for Defendants and Respondents.

## OPINION

**KREMER, P. J.**—The issue presented by these consolidated cases is whether summary judgment is proper where homeowners sue for bad faith denials of insurance claims before the claims are denied but the claims have been denied by the time the summary judgment motion is heard.

### BACKGROUND

There are five sets of homeowners involved in this appeal.[2] Four of the homeowners submitted claims to their property insurer and then filed suit in superior court a week to two months later for breach of contract and bad faith denial of the claims. These homeowners served the insurance

---

[2] Clayne C. and Adelheid Virgin, Kenneth and Susan Crossman, Ralph and Phyllis Benavides, Albert and Edith Abramovitz, and John and Jo Ann Seyller.

companies with the complaints a year and a half to two years later. The remaining homeowners[3] filed their complaint before submitting a claim to their insurance company. They submitted the claim about a week after filing the complaint and served the complaint on the insurance company a year and a half later. By the time the summary judgment motions were heard, the insurance companies had denied all of the claims.

## DISCUSSION

The insurance companies contend they are entitled to judgment as a matter of law because the homeowners did not have a cause of action when they filed their complaint. For this proposition, the insurance companies primarily rely on *Bank of Italy etc. Assn.* v. *Bentley* (1933) 217 Cal. 644 [20 P.2d 940]. They quote the following language from the case: "[I]t is elementary that under our system there is no such thing as filing an action to keep an obligation alive, unless at the time of filing the complaint a cause of action existed. Every complaint is predicated upon the theory that the plaintiff therein is entitled to judgment at the time of its filing." (*Id.* at p. 658.)

The insurance companies explain "[t]he fact plaintiffs' claims were eventually denied is irrelevant to the issue of whether or not a cause of action existed when the complaints were filed: a plaintiff cannot recover on a cause of action arising after suit is filed." They claim the homeowners' complaint is not merely "premature" but is "fatally defective" and contend this defect cannot be remedied by subsequent events. They cite the *Bank of Italy* case in support of these propositions.

In *Bank of Italy,* the plaintiff sued on a promissory note secured by a deed of trust. After the complaint was filed, plaintiff sold the property and then filed an amended complaint. In the complaints, the plaintiff sought to recover the amount of the note, interest, costs and attorney's fees. In neither the original nor the amended complaint did the plaintiff allege the security had been exhausted or was worthless. The defendant answered that the plaintiff's complaint was premature because at the time it was filed the plaintiff had no cause of action. The trial court agreed on the theory that no action may be brought on a note secured by a deed of trust unless and until the security is exhausted. The Supreme Court stated "[t]he correctness of this conclusion is the sole point involved on this appeal." (217 Cal. at p. 647.) However, the Supreme Court went on to observe: "It should also be mentioned that, although an amended complaint was filed in this action, it did not purport to be for a deficiency and it did not allege the sale by the

---

[3] Clayne and Adelheid Virgin.

trustees. Apparently it is the desire of the plaintiff to rely solely upon the proposition that suit can be maintained upon the note before the security has been exhausted." (*Id*. at pp. 647-648.)

In other words, the issue in the *Bank of Italy* case was not whether a "premature" or defective complaint can be remedied by subsequent events; the issue in *Bank of Italy* was whether the allegations stated in the plaintiff's complaints stated a cause for recovery on a promissory note secured by a deed of trust. Here, the issue is not whether the allegations of the complaint are sufficient to state a cause of action for bad faith claim denial in the abstract. Clearly, the allegations here are sufficient and there is no claim to the contrary. ■ The issue here is whether summary judgment is proper when some of the facts underlying the allegations did not exist when the complaint was filed but do exist when the summary judgment motion is heard. The *Bank of Italy* case did not address this issue and the language quoted by the insurance companies is dicta.

Subsequent decisions have made it clear an action will not be dismissed if a defect in the cause of action is remedied by subsequent events. ■ Thus, in *Radar* v. *Rogers* (1957) 49 Cal.2d 243, 250 [317 P.2d 17], a case where a complaint was filed before a claim was presented and rejected by an estate, the Supreme Court explained: "The defense that suit was commenced before the presentation and rejection of claim 'is simply [a] matter of abatement—a defense which is not favored, and must be made by plea, and in proper time, or it is waived.' [Citations.] Here there is no occasion to consider whether the unfavored defense was waived, for it had ceased to exist at the time defendant sought to raise it. 'A consequence of the disfavor with which such pleas are viewed is that matter in abatement must exist at the time of filing of the pleading urging it' [citation] and if the stated ground does not exist at the time of trial it may be disregarded. [Citation.]"[4]

---

[4] The insurance companies point to another passage from *Radar* v. *Rogers, supra*, 49 Cal.2d 243, 247, as stating: "[A] supplemental complaint cannot aid an original complaint which was filed before a cause of action had arisen. Here there was a cause of action when the original complaint was filed. That cause of action accrued when the accident happened. Every fact essential to state a cause of action, at least in the absence of a plea in abatement, is well pleaded."

The quotation is out of context. The *Radar* court stated: "It has been said that 'The general rule is that where an action is prematurely brought, and the original complaint must fall, a supplemental complaint has no place as a pleading. (*Walton* v. *County of Kern* (1940), 39 Cal.App.2d 32, 34 [102 P.2d 531], citing *Morse* v. *Steele* (1901), 132 Cal. 456, 458 [64 P. 690], and *Lewis* v. *Fox* (1898), 122 Cal. 244, 252 [54 P. 823].) But the rule of the Walton case is by no means absolute and universal in application. The statement quoted was made in connection with a holding that a supplemental complaint cannot aid an original complaint which was filed before the cause of action had arisen. Here there was a cause of action when the original complaint was filed. That cause of action accrued when the accident happened.

 Under this reasoning, the "defect" in the homeowners' pleading which existed at the time the complaints were filed should be disregarded since it no longer existed at the time the insurance companies made their motion for summary judgment.[5] The insurance companies seek to distinguish the *Radar* case on the basis it involved merely a "procedural" defect (i.e., the failure *to follow statutory procedures requiring a claim to be* submitted and rejected by an estate before filing suit) unlike the "substantive" defect involved here (i.e., the nonexistence of certain facts). The insurance companies explain: "The proper analogy is not to an action filed after an accident but before the presentation of a claim under the Tort Claims Act [citation], but to an action filed before any accident, based solely on speculation of a future accident."

This argument reads the *Radar* case too narrowly. The rule expressed in *Radar* that an action will not be dismissed for a prematurity defect which no longer exists at the time of the motion has been applied to situations beyond those involving claim filing requirements. (See, e.g., *Moore* v. *Fellner* (1958) 50 Cal.2d 330 [325 P.2d 857] [claim that action to recover contingent attorney's fees was premature because it was filed before final disposition of the case on appeal was rejected because at the time objection was made recovery had been received]; *Kelley* v. *Upshaw* (1952) 39 Cal.2d 179 [246 P.2d 23] [claim action on installment payments was premature because some installments had not yet accrued was waived because it was not timely raised]; *Archibald* v. *Iacopi* (1953) 120 Cal.App.2d 666 [262 P.2d 40] [claim that action on installment promissory note was premature was disregarded because at the time of trial the defect no longer existed]; but see *Landis* v. *Morrissey* (1886) 69 Cal. 83, 87 [10 P. 258] [case reversed because defendant not allowed to show at trial that plaintiff's cause of action had not accrued when the complaint was filed, the court stating it was not necessary to raise the issue by a plea of abatement, that the claim was "an answer to the whole action and perfect defense"].)

Further, the insurance companies' analogy to "an action filed before any accident, based solely on speculation of a future accident" is unpersuasive. Here, the homeowners alleged they had policies issued by the insurance companies which covered losses due to soil subsidence, the homeowners had suffered soil subsidence and thus were entitled to recover these losses

---

Every fact essential to state a cause of action, at least in the absence of a plea in abatement, is well pleaded." (*Id.* at p. 247.) As we subsequently discuss, the basis for the homeowners' lawsuit—the occurrence of a covered loss—existed at the time the complaints were filed.

[5] The parties spend some time arguing whether the insurance companies could raise the defect in the pleadings by a motion for summary judgment or whether they should have entered a "plea in abatement." The technical name of the motion attacking the plaintiff's complaint is not an important distinction and we do not hold against the insurance companies because of the form of the motion.

from the insurance companies. Contrary to the insurance companies' suggestion, here the "accident" had occurred (i.e., an allegedly covered loss had occurred); the complaints were not "based solely on speculation of a future [covered loss]." The claim requirement here is "procedural" in that it is the procedure by which the homeowner triggers payment for the covered loss by the insurance company. The only defect was that the insurance companies had not yet refused to pay for these losses by denying the homeowners' claims. This defect no longer existed at the time of the summary judgment motion.

Finally, we note that upholding the grant of summary judgment based on this technical ground would accomplish nothing other than requiring the homeowners to refile their action.[6] As the court stated in *Cory* v. *City of Huntington Beach* (1974) 43 Cal.App.3d 131, 136 [117 Cal.Rptr. 475, 73 A.L.R.3d 1012]: "We could not allow [the defendants] to prevail here without being guilty of the kind of legalistic myopia which brings the law into disrepute."

### DISPOSITION

The judgment is reversed.

Work, J., and Domnitz, J.,* concurred.

---

[6]The fact this action would be refiled after the limitations period had expired is irrelevant since the doctrine of "equitable tolling" would toll the statute of limitations during the period this first action was pending. (See *Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399, 406-407 [154 P.2d 399]; *Appalachian Ins. Co.* v. *McDonnell Douglas Corp.* (1989) 214 Cal.App.3d 1, 36-42 [262 Cal.Rptr. 716].)

* Assigned by the Chairperson of the Judicial Council.