Filed 1/8/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT


| | |
|---|---|
| NELS RASMUSSEN et al., | B277635 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC442329) |
| v. | |
| STEPHANIE LAZARUS, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Los Angeles County. Elizabeth Allen White, Judge. Affirmed.


Law Offices of Overland & Overland, Mark E. Overland and Courtney Overland for Defendant and Appellant.


Taylor & Ring, John C. Taylor and Sonya Ostovar for Plaintiffs and Respondents.

———————————————

This appeal presents a unique opportunity to apply plea of abatement and statute of limitations principles to a wrongful death lawsuit based on a cold case murder. Code of Civil Procedure section 340.3, subdivision (a) provides that "in any action for damages against a defendant based upon the defendant's commission of a felony offense for which the defendant has been convicted, the time for commencement of the action shall be within one year after judgment is pronounced."[1] The civil case under review seeks vindication for a 31-year-old murder. The parents of the murder victim, Nels and Loretta Rasmussen, brought suit against defendant Stephanie Lazarus, the killer of their daughter Sherri.[2] The Rasmussens filed their action after defendant had been arrested, but before her criminal trial. Defendant was convicted while this action was pending. Four years after the conviction, with the civil case still in pretrial, defendant moved to dismiss the case on the basis that the lawsuit had been filed *before*, not after, her conviction and hence could not fall within section 340.3, subdivision (a)'s authorization. The trial court denied the motion and ultimately entered judgment in plaintiffs' favor. On appeal, defendant again raises her argument that the lawsuit was prematurely filed and could not go forward.

We affirm, on three related grounds: (1) defendant waived prematurity by not timely raising it; (2) any

---

[1] All statutory references are to the Code of Civil Procedure.

[2] From time to time we refer to the decedent as Sherri to avoid confusion with other family members. We intend no disrespect.

prematurity was cured by the time defendant raised the issue in her motion to dismiss; and (3) by law, the equities support disregarding defendant's prematurity plea in abatement.

## FACTUAL AND PROCEDURAL BACKGROUND

Sherri was murdered, in her home, on February 24, 1986. She had recently been married. Her parents suggested that police investigate Sherri's husband's former girlfriend, who had previously stalked Sherri. The Rasmussens did not know the name of the former girlfriend, but were aware that she was a Los Angeles Police Department officer. For reasons which the Rasmussens allege to be either incompetence or a malicious desire to protect one of their own, the LAPD failed to investigate the former girlfriend. Law enforcement instead pursued the theory that Sherri's murder had been a burglary gone wrong; the police suspects were two unidentified males who had burglarized a nearby home.

The investigation went cold. In 2005, nearly 20 years after the murder, DNA from a bite mark on Sherri's body was tested; it came back female. In 2009, the LAPD reopened the investigation and finally focused on Sherri's husband's ex-girlfriend, defendant Stephanie Lazarus, who was by then an LAPD detective. Investigators secretly obtained DNA sample from Lazarus, and matched it to the DNA from the bite mark. Lazarus was arrested in June 2009 and, six months later was charged with Sherri's murder.

On July 26, 2010, the Rasmussens brought this wrongful death action against Lazarus.[3] On February 7, 2011, Lazarus

_____

[3] The Rasmussens also sued the City, for violation of their civil rights and related causes of action. The action against the City was dismissed on statute of limitations grounds; we affirmed

3

answered, raising the affirmative defense of the two-year wrongful death statute of limitations. (§ 335.1.) In her pleadings, she did not rely upon, or otherwise identify, the special statute of limitations for actions against defendants convicted of felonies. (§ 340.3.) Nor did she raise a defense founded on the Rasmussens' claim being premature.

Lazarus's criminal trial proceeded, and, on March 8, 2012, she was convicted of Sherri's murder, and sentenced to 27 years to life. Even after her conviction, Lazarus did not immediately assert the prematurity defense or suggest application of the felony conviction statute of limitations. In fact, she did not raise those subjects for four years.[4]

On April 8, 2016, Lazarus filed a motion to dismiss on statute of limitations grounds. For the first time she argued that plaintiffs could not take advantage of the felony conviction statute of limitations, because the action had been filed *before* rather than *within* one year following her conviction. The trial court construed the motion as one for judgment on the pleadings and denied it. The court concluded that the action was not untimely merely because it had been filed before Lazarus's eventual conviction.

_____

the dismissal on appeal. (*Rasmussen v. City of Los Angeles* (Nov. 15, 2012, B234731) [nonpub].) We grant Lazarus's request for judicial notice of this opinion.

[4] Lazarus was convicted in 2012. Her conviction was affirmed on appeal in 2015. (*People v. Lazarus* (2015) 238 Cal.App.4th 734, rev. denied Oct. 28, 2015, S228654.) It appears that the civil case was repeatedly continued until resolution of Lazarus's appeal. A status conference was held in February 2016 and the action finally moved forward.

4

The case proceeded to trial. Both sides waived jury, and stipulated that Lazarus was convicted of Sherri's murder. There was little evidence taken: the Rasmussens testified as to their loss, and Lazarus asserted prematurity under the statute of limitations.

The trial court again rejected Lazarus's argument that the action had been prematurely brought, largely on the basis that equity demanded the Rasmussens not forfeit their right to recover simply because they had diligently filed the action as soon as Lazarus had been identified as their daughter's murderer, even if they had filed before Lazarus's conviction. The Rasmussens were awarded judgment against Lazarus for $10 million. Lazarus filed a timely notice of appeal.

## DISCUSSION

Lazarus frames her appeal in terms of trial court error in not finding the Rasmussens' complaint barred under section 340.3, subdivision (a) because it was not filed "within one year after" Lazarus's conviction. Although the construct of her argument certainly contains elements of the statute of limitations, the more important analytical tool for our purposes is the somewhat arcane notion of "plea in abatement." This is so because defendant's contention is not that the action is time-barred because it was filed too late. Rather, she argues the action was filed too early. This is an argument of prematurity, which is raised by a plea in abatement. (See *Conservatorship of Oliver* (1962) 203 Cal.App.2d 678, 686 [objection that claim for attorney fees was premature was plea in abatement that could not be raised for first time on appeal].)

Lazarus's argument is based on undisputed facts. As such, it presents a purely legal question, which we review de novo. (*ZF*

5

*Micro Devices, Inc. v. TAT Capital Partners, Ltd.* (2016)
5 Cal.App.5th 69, 78.)

1.    *Three Governing Limitation Periods For Actions Based on Murder*

To put into context Lazarus's plea in abatement defense, we consider the three different statutes of limitations which are implicated in a wrongful death action based on murder.

First, section 335.1 establishes a two-year statute for actions for any wrongful death, including those not tied to criminal activity.  As Sherri was murdered in 1986, this statute expired, at the latest, in 1988, some 22 years before the complaint was filed in this case.  The Rasmussens do not suggest otherwise.[5]

Second, section 340.3, subdivision (a) provides an additional term of one year following the defendant's felony conviction, when the civil action seeks damages caused by the defendant's commission of the felony.  As we shall discuss below, this statute drives our resolution of the appeal.

Third, section 340.3, subdivision (b)(1) provides one final term in which an action for damages arising from the defendant's conviction of one of certain felonies, including murder, may be brought.  That term is 10 years from the date on which the

---

[5]    This statute was enacted in 2002, effective in 2003.  There was some dispute at trial as to whether this statute, or the prior one-year statute, applied to this action.  Also at trial, the Rasmussens argued that this statute had been equitably tolled by Lazarus's attempts to hide her identity as the murderer or that the delayed discovery rule applied.  The trial court rejected both of these contentions.  None of these points is pursued on appeal.

defendant is discharged from parole.[6]  No party argues that this statute applies to the current action, although Lazarus relies on its existence in her discussion of the equities of the case.

2.    *Code of Civil Procedure 340.3 Subdivision (a) and the Victims' Bill of Rights*

Our focus is on section 340.3, subdivision (a).  The statute "extends the time to sue for damages due to commission of a felony offense until one year after judgment of conviction of the crime . . . ."  (*Gallo v. Superior Court* (1988) 200 Cal.App.3d 1375, 1378.)  "Section 340.3 was enacted to comply with the provisions of Proposition 8 ["Victims' Bill of Rights"] (Cal. Const., art. I, § 28), which provides:  'It is the unequivocal intention of the People that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer.' "  (*Newman v. Newman* (1987) 196 Cal.App.3d 255, 259.)  "The legislative history for section 340.3 indicates that the Legislature proposed a special statute of limitations for felony crime victims in order to facilitate restitution by encouraging civil lawsuits against criminal defendants.  The Senate Committee on the Judiciary comment on Assembly Bill No. 493 states that '[t]his bill would grant a plaintiff who was the victim of [a] felony and was suing the person convicted of the felony the following advantages:  [¶] . . . [¶] an extension of the period in which suit might be brought until one year after judgment was pronounced in the criminal case.  [¶]  . . .  [¶] The purpose of the bill is to encourage felony victims to sue those convicted of the felony in order to obtain

---

[6]    A defendant sentenced to murder with a maximum term of life imprisonment can be discharged from parole no earlier than seven years after paroled.  (Pen. Code, § 3000.1, subd. (a)(2).)

7

restitution.' [Citation.]" (*Guardian North Bay, Inc. v. Superior Court* (2001) 94 Cal.App.4th 963, 973.)

3.      *The Rasmussens' Filing of the Complaint before Lazarus's Conviction Does Not Effect a Bar to the Wrongful Death Action.*

### A.      The Relevant Dates

The issue on appeal is one of timing. We briefly review the relevant dates:

- On February 24, 1986, Lazarus murdered Sherri Rasmussen;
- On December 18, 2009, Lazarus was charged with the murder;
- On July 26, 2010, the Rasmussens filed this wrongful death action against Lazarus;
- On February 7, 2011, Lazarus filed her answer to the complaint;
- On March 8, 2012, Lazarus was convicted of the murder;
- On April 8, 2016, Lazarus first argued this case was prematurely filed and the Rasmussens were not entitled to the benefit of section 340.3, subdivision (a).

Lazarus argues, based solely on the text of the statute, that this action is barred, because it was filed before, not after, her conviction. But, as we now discuss, a plea of prematurity is not treated the same way as a defense that the claim is time-barred, a point that in some respects Lazarus has overlooked.

### B.      Prematurity is a Disfavored Plea in Abatement

Prematurity is a disfavored plea in abatement. (*Bollinger v. National Fire Ins. Co.* (1944) 25 Cal.2d 399, 406 (*Bollinger*).) The concept is at least 100 years old in our state. In *Bemmerly v.*

8

*Woodward* (1899) 124 Cal. 568, hearing en banc denied, the plaintiffs brought suit against the executor of the estate of the alleged wrongdoer.  The law required that, before filing suit, the plaintiff must present a claim to the estate; suit must be brought within three months of rejection of the claim.  (*Id*. at p. 574.)  The plaintiffs' supplemental complaint alleged "the due presentation of a proper claim against the estate of [the wrongdoer], but also shows that such presentation and rejection was after the commencement of this action." (*Id*. at p. 570.)  Thus, the defendant argued the suit was premature, having been filed prior to the claim's rejection.  (*Ibid*.)  Significantly, the defendant did not raise this argument until a motion for new trial.  (*Id*. at p. 574.)  Our Supreme Court explained, "It has been held, however, that this is a mere matter of abatement, which is waived unless pleaded.  Formerly, such pleas could only be interposed before a plea to the merit.  Under our code all defenses may be included in one answer, but if a defense which is mere matter of abatement is not made by that time, it should be deemed waived." (*Ibid*.)  The court continued, "It is simply matter of abatement—a defense which is not favored, and must be made by plea, and in proper time, or it is waived.  If so waived the court will be rarely justified in permitting the defense to be made later.  In this case if the defense had been promptly made, plaintiffs could have dismissed their suit and brought another.  But if, after three months had elapsed after the claim was rejected the point could be successfully urged, plaintiffs would have lost their right of action." (*Id*. at p. 575.)

The court distinguished its result from the more absolute application of time bars under statutes of limitation, explaining, "If, however, the time for the presentation of claims had wholly

9

elapsed before or after suit brought, and the claim had not been presented, it would have been a different matter. Then the claims would be forever barred, and it would be both the privilege and the duty of the executrix to urge the point. And she would be entitled, as matter of right, to file a supplemental answer, if the defense had accrued after the issues had been made up. It is clear that the defense was waived in this case." (*Bemmerly, supra,* 124 Cal. at p. 575; see also 5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 1152, pp. 576-577 and cases cited.)

*Bemmerly*'s analysis plants the seeds for three different, but related, arguments which can defeat the plea in abatement of prematurity: (1) the plea of prematurity has been waived; (2) the defect of prematurity has been cured; and (3) the equities oppose recognition of the plea. We find each applicable here.

### C.    Prematurity Has Been Waived

A plea in abatement must be timely made, or it is waived. (*Radar v. Rogers* (1957) 49 Cal.2d 243, 250 (*Radar*).) As just explained in *Bemmerly*, the defense must be promptly pleaded in the defendant's answer, otherwise, it is lost. (*Kelley v. Upshaw* (1952) 39 Cal.2d 179, 188-189.) Our Supreme Court explains: "Dilatory tactics are not favored by the law, for they waste the court's time, increase the cost of litigation, unnecessarily, and may easily lead to abatement of an action on purely technical grounds after the statute of limitations has run. [Citations.] Defendant's plea of prematurity was a dilatory plea in abatement, unrelated to the merits and not asserted for nearly a year after plaintiff's action was filed. Under these circumstances defendant loses its privilege to raise it." (*Bollinger, supra,* 25 Cal.2d at p. 406.)

10

Here, Lazarus's claim of prematurity arose immediately when she was served with the complaint in 2011. She could have, but did not, raise the point in her answer which she filed on February 7, 2011, and at the latest, on March 8, 2012, when she was convicted of the murder. She did not assert the plea until she filed a motion to dismiss four years later, on April 8, 2016. She then argued that the complaint had been filed prematurely. And in a perhaps unintended harkening back to why *Bemmerly, supra,* 124 Cal. at page 575, adopted waiver, Lazarus argued it was now much too late for the Rasmussens to timely refile.

As Lazarus failed to raise the plea in abatement in her original answer – or even in an amended answer she could have filed following her conviction – she has waived the disfavored plea in abatement of prematurity.

### D.    Any Prematurity Has Been Cured

The doctrine of cure is related to, but somewhat different from, the doctrine of waiver. Both arguments arise when the abatement plea of prematurity is made too late. Waiver arises when the plea is not timely made in relation to the defendant's answer; cure arises when the plea is not raised until the defect (here the lack of a criminal conviction) no longer exists.

A consequence of the disfavor in which pleas in abatement are held is that the matter in abatement must exist at the time the plea is raised, and if it does not exist at the time of trial, it may be disregarded. (*Radar, supra*, 49 Cal.2d at p. 250.) Like *Bemmerly* before it, *Radar* involved a suit against the wrongdoer's estate, in which the suit had been brought before the plaintiff made a claim against the estate. However, by the time the administrator of the estate raised the defense, a timely claim had been made and rejected. (*Id*. at p. 246.) Our Supreme Court

11

explained, "The substance of the defect that the action had been brought before presentation and rejection of claim no longer existed when defendant by general demurrer to the amended and supplemental complaint sought to raise the issue." (*Id*. at p. 249.) The court held that it was unnecessary to determine whether the defense was waived, "for it had ceased to exist at the time defendant sought to raise it." (*Id*. at p. 250.)

Courts have applied this rule to save a wide range of actions which, for one reason or another, were premature when filed but in which the defect had been cured by the time the issue was raised. (See *People v. Superior Court (Preciado)* (2001) 87 Cal.App.4th 1122, 1128-1130 [a petition alleging a defendant is a sexually violent predator should not be filed until two psychotherapists have evaluated the defendant and concluded he is a sexually violent predator; here, the petition was brought when only one evaluation had been obtained, but the second evaluation was performed before the defense was raised]; *Virgin v. State Farm Fire & Casualty Co.* (1990) 218 Cal.App.3d 1372, 1373, 1375-1376 [plaintiffs sued an insurer for bad faith denial of their claims before the claims had been denied; the claims had been denied by the time the insurer sought summary judgment on that basis]; *Donovan v. Wechsler* (1970) 11 Cal.App.3d 210, 213-214 [plaintiff sued on a note before it had been assigned to him; the note was assigned to him shortly after the action was brought and before the plea was raised].)

The same rationale applies here. It is true that the action was prematurely filed – Lazarus had been charged with, but not yet convicted of, Sherri's murder. However, Lazarus was convicted long before she raised prematurity as a defect. As the

12

factual impediment had by then been cured, the trial court was correct to ignore it.

Lazarus's only argument to the contrary is to suggest that *Radar* and its progeny are distinguishable from the present case. She relies on *State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1243-1244 (*Bodde*). *Bodde* was concerned not with prematurity, but with whether a plaintiff bringing suit against a government entity must allege in the complaint facts demonstrating compliance with the Tort Claims Act. (*Id.,* at p. 1239.) That the *Bodde* court distinguished *Radar* and some of the cases following it means nothing. The *Bodde* court was simply recognizing that *Radar* addressed prematurity while *Bodde* addressed pleading requirements. (*Id*. at pp. 1243-1244.) In any event, Lazarus's attempt to distinguish *Radar* is unpersuasive. Lazarus argues that the submission of a timely claim (against the estate) was necessary to the holding of *Radar* and that the complaint here "is akin to the filing of a complaint against a public entity without the prior filing of a government claim." But the criminal conviction is not a prerequisite to the Rasmussens filing their suit; indeed, they could have sued Lazarus back in 1986, immediately after the murder. At the time the lawsuit was filed, plaintiffs could not avail themselves of the general two year statute of limitations of section 335.1. Nor did they meet the precondition for claiming the benefits of section 340.3, subdivision (a). But just as the defect in *Radar* and other cases had been cured by the time prematurity was brought to the court's attention, so too was it here, and the trial court correctly rejected it.

**E.      *The Equities Favor the Rasmussens***

While waiver and cure are each sufficient to resolve this appeal in the Rasmussens' favor, we observe that equitable considerations confirm our result.  (*See Bollinger, supra,* 25 Cal.2d at p. 411 ["equitable considerations" may be considered in rejecting a plea in abatement].)  Lazarus's ultimate argument is not merely that the action was prematurely brought, but that, if the judgment were reversed on that basis, the Rasmussens could not refile the action without running afoul of the time bar of section 340.3, subdivision (a) which requires suits to be brought within one year of conviction, a time long since passed.  She suggests, perhaps somewhat disingenuously, that the Rasmussens would not be without remedy, as they could pursue an action against her once she has been discharged from parole.  (§ 340.3, subd. (b)(1).)  The Rasmussens would then be able to file during the 10-year period after Lazarus is discharged from parole.  Such a literal construction of the statutes does not comport with *Bollinger*'s "equitable considerations."

In *Bollinger*, our Supreme Court considered an unusual, but apt factual scenario.  The plaintiff insured brought suit against the defendant insurer, who delayed raising a prematurity argument until a motion for nonsuit after the plaintiff presented its case at trial.  The trial court granted the nonsuit.  (*Bollinger, supra,* 25 Cal.2d at p. 402.)  Rather than filing an appeal, the plaintiff brought a second suit.  The second action was untimely under the relevant limitation period, and the plaintiff argued that the action should not be barred because this situation only occurred because the defendant had delayed in raising prematurity in the first action.  (*Id*. at p. 402.)  The trial court sustained the defendant's demurrer on untimeliness and the

14

plaintiff appealed.  (*Id*. at p. 403.)  The Supreme Court concluded that the first trial court erred in granting the nonsuit; defendant had lost the privilege to assert prematurity "by failing to plead it plainly and to assert it promptly."  (*Id*. at p. 406.)  The court then concluded that the second action should be allowed to proceed, stating, "Under the circumstances it would be a perversion of the policy of the statute of limitations to deny a trial on the merits." (*Id*. at p. 406.)

The court explained that generally, statutes of limitation " 'are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.  The theory is that even if one has a just claim it is unjust not to put an adversary on notice to defend within the period of limitation and the right to be free of stale claims in time comes to prevail over the right to prosecute them.' " (*Bollinger, supra,* 25 Cal.2d at p. 427.)  The court found, "Under the circumstances of the present case it would be manifestly unjust for this court to prevent a trial on the merits, which the law favors [citations] thereby incurring a technical forfeiture of the insured's rights, which the law discourages [citations], by enforcing the . . . limitation period when the prior action was filed promptly and long before the period expired."  (*Id*. at pp. 407-408.)  "It is sufficient to hold that the equitable considerations that justify relief in this case are applicable whether defendant violated a legal duty in failing to disclose its intention to set up this technical defense, or whether it is now merely seeking the aid of a court in sustaining a plea that would enable it to obtain

15

an unconscionable advantage and enforce a forfeiture." (*Id*. at p. 411.)[7]

The same concerns support the trial court's ruling here. A defendant cannot untimely raise prematurity and then hide behind a statute of limitations which ran while the defendant did nothing to assert the plea.

None of the policies behind statutes of limitation would be served by reversing the judgment here and forcing the Rasmussens to wait until Lazarus serves her 27-years-to-life sentence, is paroled – for which there is no guarantee – and is discharged. Particularly given the facts that the Rasmussens have already waited over 30 years in their struggle for justice, and were in their 80s at the time of trial, forcing still another multi-decade delay would grossly undermine, rather than achieve, statute of limitations purposes. In enacting section 340.3, subdivision (a), the Legislature already determined that – no matter what statute of limitations might otherwise be applicable – the policy of compensating crime victims mandates

---

[7] A more recent case than *Bollinger* suggested an alternative ground for reaching the same result. In *Virgin v. State Farm Fire & Casualty Co., supra,* 218 Cal.App.3d 1372, the defendant was granted summary judgment on a claim of prematurity which had been cured by the time the motion was heard. The Court of Appeal reversed. The court observed "that upholding the grant of summary judgment based on this technical ground would accomplish nothing other than requiring the homeowners to refile their action." (*Id*. at p. 1377.) As to the suggestion that a refiled action would be time-barred, the court stated, "The fact this action would be refiled after the limitations period had expired is irrelevant since the doctrine of 'equitable tolling' would toll the statute of limitations during the period the first action was pending. [Citations.]" (*Id*. at p. 1377, fn. 6.)

that they be permitted to civilly pursue criminal defendants following their convictions. Here, the action was pending during that period. The Legislature's goals are furthered by allowing it to proceed.

## DISPOSITION

The judgment is affirmed. Lazarus is to pay the Rasmussens' costs on appeal.

RUBIN, J.

WE CONCUR:

BIGELOW, P. J.

GRIMES, J.

17